AYRES, Judge.
Plaintiff, as the lessee of a tract of land in Red River Parish known as Porter’s Island, sought by injunctive process to prevent defendant’s interference with his right of passage to the leased premises over defendant’s property known as the Wardlaw Plantation. Plaintiff likewise sought recovery of damages allegedly occasioned by defendant through the deprivation of plaintiff of his aforesaid rights. In response to plaintiff’s demands, defendant admitted plaintiff had a right of passage across the plantation only along a certain designated route known locally as the graveyard and Huckabay roads, and disclaimed any objection to plaintiff’s use of such route.
The injunction was granted. Plaintiff’s demand for damages was, however, rejected as of nonsuit. From the judgment thus rendered and signed, defendant prosecutes this appeal.
*783 Defendant’s position is that plaintiff must follow the route across the plantation as prescribed in the act creating the servitude, and that he is without right to deviate therefrom. In this connection, it is contended plaintiff has deviated from the designated route and has trespassed upon defendant’s property. More precisely stated, defendant’s contention is that plaintiff is utilizing the surface of a dam across a bayou as a passageway instead of a bridge which, through deterioration, had collapsed and become impassable.
The pertinent facts may be briefly reviewed. Under date of October 16, 1953, defendant’s ancestors in title, by an instrument duly recorded, granted unto plaintiff’s lessors’ ancestors in title, their heirs, assigns, and tenants, a right of way across the Wardlaw Plantation to Porter’s Island, for their use as well as for the passage of horse-drawn and motor-propelled vehicular conveyances, including tractors and other agricultural machinery and equipment. The route specified, beginning at a point on a state highway, continued over the aforesaid graveyard and Huckabay roads to Porter’s Island. These were parish roads, maintained by the police jury. For economic reasons and in the belief that no necessity existed for their continuance as public thoroughfares, the police jury, on the basis of and simultaneously with the execution of the aforesaid grant, which assured a passageway to Porter’s Island, did, by formal act, abandon the roads as public thoroughfares.
At the time of the execution of the aforesaid right-of-way grant across Wardlaw Plantation, Nicholas Bayou was spanned by a bridge and crossed by a dam. Both were utilized under this right-of-way grant for passage to Porter’s Island. The dam was used particularly for heavy traffic and for farm machinery too wide to be accommodated by the bridge.
Deterioration eventually caused the bridge’s collapse, after which the dam was used exclusively for a passageway across the bayou to Porter’s Island. This situation prevailed at the time defendant acquired the plantation, about 1962. The dam was not only used by the owners, employees, and tenants of the enclosed and otherwise inaccessible estate, but by defendant’s predecessors in reaching that portion of their estate beyond the bayou. Defendant continued, as his predecessors had done, the use of the dam. Therefore, the dam, as did the bridge, served as a connecting link between' the roads located on opposite sides of the bayou.
Moreover, it appears appropriate to point out that neither the bridge nor the dam was designated by name in the right-of-way grant as a portion of the route. The purpose of the grant, as its language denotes, was to afford a passageway across Ward-law Plantation along the Huckabay and graveyard roads. Both bridge and dam, as heretofore observed, were, for many years, used as a passageway across the bayou. There was no question or protest by anyone as to this use; nor was any contention raised that the use of the dam was not within the comtemplation of the parties when the right-of-way grant was executed. Through the aforesaid actions of the parties thereto, it can only be concluded that the use of the dam, as a portion of the passageway granted, was intended by the parties and contemplated in the grant.
Under the aforesaid facts and circumstances, the exclusive use of the dam in crossing the bayou, after the collapse of the bridge, is not such a variance from the route designated in the grant as to constitute a deviation therefrom.
For the aforesaid reasons, the judgment appealed is, in our opinion, correct and should be, and it is hereby, affirmed at defendant-appellant’s cost.
Affirmed.